Andrew D. Skale (SBN 211096)
askale@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone:  (858) 314-1500
Facsimile:   (858) 314-1501

Attorneys for Plaintiff
PARADISE VALLEY SPAS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARADISE VALLEY SPAS, a California corporation;<br><br>            Plaintiff,<br><br>      vs.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>            Defendant. | Case No. '21CV0764 MMA MSB<br><br>**COMPLAINT FOR:**<br><br>**1) UNFAIR COMPETITION AND FALSE ADVERTISING;**<br>**2) INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE;**<br>**3) BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**<br>**4) UNJUST ENRICHMENT**<br><br>**[JURY DEMANDED]** |

Paradise Valley Spas ("Paradise" or "Plaintiff") brings this suit for federal unfair competition and false advertising, intentional interference with economic advantage, unjust enrichment, and breach of the duty of good faith and fair dealing against Amazon.com, Inc. ("Amazon.com," "Amazon," or "Defendant") and alleges as follows:

## SUMMARY OF ACTION

1.      Amazon.com has acted consistently to become the gatekeeper to nearly half of all online retail sales.

2.      As that gatekeeper, Amazon.com has grown by 20 to 30% every year in

1  recent history, most recently with $386 billion in revenue.

2      3.      Amazon.com is a required staple for most serious companies that rely on the internet to make online retail sales of their products.  Such position of trust comes with great responsibility and power, having the instant ability to shut off millions of dollars in monthly revenue to a business and decimate its financials.

      4.      Beginning in April 2020, Amazon.com arbitrarily delisted Paradise from selling its hot tub sanitizer product – Frog @ease Floating Sanitizing System – on the incorrect basis that Amazon.com believed Paradise was distributing "used" hot tub sanitizer product falsely labeled as "new," when in fact Paradise absolutely, 100%, only shipped "new" product.

      5.      Meanwhile, Amazon.com continues to permit other resellers to offer for sale the same product under other seller names.  As of April 14, 2021, at least 23 sellers list the Frog @ease Floating Sanitizing System (ASIN B01A9EZHK4) for sale on Amazon.com.  Yet, Paradise remains suspended from this listing.

      6.      The unjustified consequences of delisting Paradise has been nothing short of devastating.  No amount of reason or fairness has prevailed, and Paradise remains barred from the very marketplace that built an entire product category on its back.  This lawsuit follows.

## THE PARTIES

      7.      Paradise is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1872 Rollins Rd., Burlingame, California 94010.

      8.      Defendant Amazon.com is a corporation organized and existing, on information and belief, under the laws of the State of Delaware, with its principal places of business at, on information and belief, 1516 2nd Avenue, Seattle, Washington 98101, as well as having numerous facilities in California, including in

this district at 10300 Campus Point Drive, San Diego, California 92121 (a nearly 107,000 square foot office housing approximately 500 employees).

9. Defendant's actions alleged herein were those of itself, its agents and/or licensees.

## JURISDICTION AND VENUE

10. This Court's jurisdiction rests upon 15 U.S.C. § 1121(a); 28 U.S.C. §§ 1338(a) & (b); and 28 U.S.C. § 1367(a).

11. This Court has jurisdiction over the federal unfair competition and false advertising claim pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a).

12. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and § 1367(a) as all claims herein form part of the same case or controversy.

13. Personal jurisdiction exists over the Defendant because it conducts substantial business in California. Amazon.com maintains a substantial workforce in California, has made a strategic commitment to grow its presence in California, and directs a large portion of its sales toward customers in California. Amazon.com has fulfillment centers in California employing nearly 5,000 employees and reports it has over 10,000 employees statewide.

14. Its sales in California are so extensive that the online sales tax effective September 15, 2012 was referred to as the "Amazon" tax and generates hundreds of millions of dollars in sales tax revenue for California from Amazon.com each year for sales fulfilled to California residents. That tax is itself the result of a compromise between Amazon and California legislators whereby Amazon.com agreed to pour $500 million into its California operations, provide 10,000 full-time jobs in California, and 25,000 more seasonal jobs.

15. Amazon has sufficient contacts such that it would not offend traditional notions of fair play and substantial justice to subject Defendant to suit in this forum.

3

16. Venue in this district is proper under 28 U.S.C. § 1391 and 28 U.S.C. §1400 because a substantial part of the events or omissions giving rise to the claims occurred in this district, including because Paradise's affected existing and prospective customer relationships are with consumers located in this district.

## FACTUAL ALLEGATIONS

17. Paradise has provided customers with spas and spa care products since 1986.

18. Paradise has won numerous awards and recognitions from every brand they carry and have expanded to eight locations in California.

19. Paradise was the first to ever list and sell the "hot tub sanitizer" product for the Frog @ease System on Amazon.com.

20. Paradise offers it hot tub sanitizer products for sale under the Amazon seller account "Hot Tub Things."

21. The Frog @ease System hot tub sanitizer product is placed in a hot tub for sanitization purposes and uses cartridges that need to be periodically replaced.

22. Wanting to reach every consumer who could benefit from its products, Paradise naturally turned to Amazon.com – the largest online marketplace.

23. Amazon's website is a monopoly of online sales, a required staple for any business serious about selling its products. Other online retail platforms pale in comparison.

24. According to a recent Forbes.com article titled, Who Are the Top 10 U.S. Online Retailers, 43.5% of the online retailing is done through Amazon.com, with the next closest competitors being EBay at 6.6%, Apple at 3.9% and Walmart at 3.7%.

25. Amazon's market power has led to increasing antitrust concerns by the FTC and members of congress, expressing a desire to break-up Amazon.

26. Recognizing the importance of the Amazon.com platform, for many

years, Paradise has carefully observed and complied with all seller policies, has been a responsible citizen of the Amazon.com marketplace, and has invested heavily in its Amazon.com sales channel.

27. And for many years, Paradise happily sold its @ease System hot tub sanitizer products on Amazon.com.

28. Amazon.com has become one of the primary vehicles Paradise has utilized for advertising and selling its @ease System hot tub sanitizer, and hundreds of thousands of dollars in consumer sales of Paradise's offered products take place on it each year.

29. As a result, the Frog @ease System hot tub sanitizer products offered for sale by Paradise have consistently ranked #1 in their product category for Amazon.com, bringing in substantial revenue as Amazon.com's portion of the sales price.

30. The Frog @ease System hot tub sanitizer products offered for sale by Paradise are so popular that competitors on Amazon.com have managed to employ SEO and other techniques to get "Frog @ease" searches to return their products as well, driving additional business to Amazon.com.

31. Over a half decade into building this evergreen sales channel for Amazon.com and Paradise, and despite Paradise's reliance on this business channel and relationship, Amazon.com's representations to Paradise during the course of this relationship, and the course of dealing between the parties over numerous years, an arbitrary and capricious process at Amazon.com simply took down Paradise's products beginning in April 2020 for approximately a year with no due process to Paradise.

32. Following the take-down, Amazon.com informed Paradise that it believed its @ease System hot tub sanitizer product was falsely labeled as "new" when it appeared to be "used."

33. However, Paradise has never sold or offered for sale "used" @ease System hot tub sanitizer product on Amazon.com or any other seller platform.

34. The perceived issue stems from the product's shipping: if the product is shaken too much during shipping, some of the powder (completely safe) will appear on the product and inside of the box.

35. Paradise has spent tremendous resources, including through inside and outside counsel, consultants, and the like, to re-list itself within Amazon.com. But to this day, Paradise remains unable to sell the @ease System hot tub sanitizer products on Amazon.com (while Amazon.com allows others to sell the same products).

36. Multiple requests for prompt action from Paradise to Amazon.com has been met with delay, excuse after excuse has been given, and all the while Paradise's primary sales channel has been ripped away without any satisfactory explanation.

37. The affected ASINs include at least:

- ASIN: B01A9EZHK4, SKU: 01-14-3256, Product Title: "@ease System."

38. None of Amazon.com's stated reasons for the takedown and ongoing failure to allow Paradise to sell its own products on Amazon.com are true or accurate.

39. Specifically, Paradise has never sold "used" product on Amazon – Amazon.com has misinterpreted the powder on the inside of the shipping box as demonstrating "used" product, when Paradise only ever sold brand new hot tub sanitizing products for the @ease System.

40. Paradise even noted with a sticker on the outside of the box to warn consumers that these minerals my shake loose, stating: "The blue mineral cartridge has no wrapper. It's fine."

41. This sticker did not cause Amazon to relist the product.

42. Amazon.com does not have the right to single out Paradise to the exclusion of all its competitors and others benefitting from Paradise's strong brand

reputation. Such actions violate Amazon.com's duty of good faith and fair dealing in its ongoing contractual relationship with Paradise, and are also an interference and unfair business practice directed toward Paradise's existing and prospective customer relationships.

43. The result has been devastating. Paradise has lost many hundreds of thousands of dollars in sales and profits since Amazon.com's inexplicable takedown has remained in effect.

44. Paradise has made every effort, day after day, to rectify this situation without having to file this lawsuit against Amazon. However, Paradise can no longer wait for Amazon.com to correct its wrongful actions, and must seek immediate protection through this lawsuit.

## FIRST CAUSE OF ACTION

## UNFAIR COMPETITION AND FALSE ADVERTISING

**(15 U.S.C. § 1125 *et seq.*)**

45. Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

46. Amazon.com derives immense amounts of profit from the products of third parties sold by those third parties through the Amazon.com online retail portal.

47. But Amazon.com has created systems and protocols that have become increasingly capricious. Amazon.com's protocol removes first, and many times rectifies the wrongful removal (if at all) only after great expense, time and delay to the seller.

48. For years, Amazon.com has received significant sums as a result of selling Paradise products.

49. Amazon.com keeps a significant portion of the sales revenue from products sold by Paradise on its Amazon.com online platform.

50. Amazon.com has insufficient processes in place to (1) prevent mistaken takedowns of products that are fully compliant with its seller policies, or (2) correct mistaken takedowns in a prompt fashion.

51. While representing to sellers that "Amazon enables you to reach hundreds of millions of customers," "strive[s] to ensure a fair and trustworthy buyer and seller experience," and that sellers may avoid "loss of your selling privileges" by "adher[ing] to the code of conduct principles outlined," (https://sellercentral.amazon.com/gp/help/external/1801?language=en_US&ref=efph_1801_cont_G521), in fact an Amazon seller may do all of this and arbitrarily have its products removed anyway.

52. Now that Amazon.com has received all the customers and secured to itself the ability to benefit from them further, including by driving search engine results for Paradise products to Amazon.com product offerings, its ongoing takedown of Paradise products is in bad faith.

53. This conduct is anticompetitive, the ongoing takedown is capricious and done in bad faith toward Paradise, and in addition constitutes false advertising in that it falsely represents to sellers that they can build a retail presence and profit from placement on Amazon.com if they comply with its code of conduct and seller's agreement, when in fact Amazon.com removes even those who are complying with its policies – as was the case with Paradise here.

54. These acts constitute acts of unfair competition, have caused substantial damage to Plaintiff in the form of lost past and future sales, the development costs invested into the Amazon.com sales platform and Paradise's advertisements to the public, and all other damages, in an amount to be proven at trial, and has a resulted in a significant reputational loss for Paradise.

55. There is no adequate remedy at law for these acts of unfair competition, and as a result Plaintiff is entitled to injunctive relief in the form of a TRO,

preliminary and permanent injunction requiring Amazon.com to relist the delisted ASIN, code the ASIN in the Amazon.com backend so as to avoid removals in the future due to Amazon.com's systems and protocols, and not take any actions against Plaintiff in the future based on the conduct alleged in this Complaint.

## SECOND CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE

56. Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

57. Paradise has existing business relationships with its customers, whereby they have become accustomed to purchasing Frog @ease System hot tub sanitizer products from Paradise through the Amazon.com online platform. These customers rely on direct purchases from Paradise through the Amazon.com platform, and Paradise is able to benefit from the direct-to-consumer relationship with these customers.

58. Paradise also has prospective business relationships in the form of people looking for @ease System hot tub sanitizer offered for sale by Paradise as a result of its extensive marketing efforts, successful SEO, and advertising. These people either (1) go to major search engines looking for Paradise products and are directed to Amazon.com, or (2) go to Amazon.com and conduct a search for "Frog @ease."

59. Paradise has spent considerable time, money, and resources creating and developing its Amazon.com storefront to sell directly to consumers, a storefront that now benefits others while Paradise is delisted.

60. Amazon.com is aware of the high capture rate that Paradise enjoys from these directed consumers, who come to Amazon.com already interested in Paradise products. However, the statistical historical capture rate goes to zero so long as Paradise's above ASIN is removed – while resellers benefit from this capture rate. A

consistent sales revenue of Plaintiff is gone, a revenue that would have continued and increased but for Amazon.com's wrongful acts of interference.

61. Instead, these existing and prospective customers are left to either (1) buy the product from others on Amazon.com, or (2) switch to another competitor available on Amazon.com in lieu of Paradise's products.

62. Amazon.com has records of all existing customers of Paradise such that it has notice of each of these specific existing relationships.

63. Amazon.com had no legitimate basis for this arbitrary, capricious, and bad faith removal of Paradise's ASIN, as alleged above.

64. These actions – including the ongoing nature of the takedown – were taken intentionally by Amazon.com, and for the express purpose of interfering with Paradise's ability to continue offering @ease System hot tub sanitizer products through the Amazon.com online platform.

65. As a result, Paradise's existing business relationships have been halted, and interfered with, stopping them altogether, making them more difficult, or depriving Paradise of substantial revenue, now that Amazon.com has removed Paradise's ASIN from Amazon.com.

66. Paradise has been damaged in an amount to be proven at trial.

67. There is no adequate remedy at law for these wrongful acts, and as a result Plaintiff is entitled to injunctive relief in the form of a TRO, preliminary and permanent injunction requiring Amazon.com to relist the delisted ASIN, code the ASIN in the Amazon.com backend so as to avoid removals in the future due to Amazon.com's systems, and not take any actions against Plaintiff in the future based on the conduct alleged in this Complaint.

# THIRD CAUSE OF ACTION

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING
## (WRITTEN CONTRACT)

68. Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

69. The Amazon.com Seller Agreement is comprised of at least the Selling Policies the Condition Guidelines, Product Guidelines, Performance Guidelines, and Important Information for International Sellers, posted at https://sellercentral.amazon.com/gp/help/external/G521?language=en_US.

70. Implied in the Seller Agreement is the duty of good faith and fair dealing.

71. Plaintiff has complied with its obligations and is excused or justified in any non-compliance.

72. Amazon.com's actions as alleged herein violate the duty of good faith and fair dealing, including the takedown that has lasted for months as of the filing of this Complaint.

73. As a result of these violations, Amazon.com is in breach of the Seller Agreement, which has caused Paradise damages in an amount to be determined at trial.

74. There is no adequate remedy at law for these wrongful acts, and as a result Plaintiff is entitled to injunctive relief in the form of a TRO, preliminary and permanent injunction requiring Amazon.com to restore the delisted ASIN, code the ASIN in the Amazon.com backend so as to avoid removals in the future due to Amazon.com's systems, and not take any actions against Plaintiff in the future based on the conduct alleged in this Complaint.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

75. Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

76. Amazon.com was unjustly enriched by receiving the benefits of the increase in goodwill and customers brought to it by Plaintiff.

77. Such enrichment was at the expense of Plaintiff, whom Amazon.com has now removed from Amazon.com and kept off for months.

78. Amazon.com was aware of the benefits conferred upon it by Plaintiff's sales and marketing activities, and the substantial goodwill belonging to Paradise by virtue of its positive reputation, ranking and status on Amazon.com.

79. By removing the subject ASIN, Amazon.com garnished that goodwill and reputation for itself, redistributing it to Amazon.com and the other competing products and sellers so that consumers would have to accept these lesser substitutes or pay more for the exact same product.

80. Amazon.com had a duty not to knowingly take any action likely to impair the value of Paradise's goodwill and products on Amazon.com.

81. Amazon.com was enriched in direct proportion to the amount of goodwill and reputation left behind by Plaintiff in the Amazon.com platform when its ASIN was wrongfully taken down.

82. The circumstances are such that in equity and good conscience, it would be unjust for Amazon.com to retain these benefits, and restitution should be made to Plaintiff accordingly.

83. Plaintiff is entitled to an amount of money and value equal to the goodwill they had secured for themselves on the publicly accessible Amazon.com, the value of Amazon.com's unjust enrichment, in an amount to be determined at trial.

# PRAYER

WHEREFORE, Plaintiff demands the following relief for each cause of action unless otherwise noted:

1. A judgment in favor of Paradise and against Amazon.com on all counts;

2. A TRO, preliminary and permanent injunction requiring Amazon.com to relist the delisted ASIN, code the ASIN in the Amazon.com backend so as to avoid removals in the future due to Amazon.com's systems, and not take any actions against Plaintiff in the future based on the conduct alleged in this Complaint.

3. Damages in an amount to be determined at trial;

4. Amazon.com's unjust enrichment and/or disgorgement of Amazon.com's profits;

5. Pre-judgment interest at the legally allowable rate on all amounts owed;

6. Costs and expenses;

7. Attorneys' fees and other fees under, among others, 15 U.S.C. § 1117(a) *et seq.* as an exceptional case;

8. Restitution; and

9. Such other and further relief as this Court may deem just and proper.

Dated:  April 19, 2021          MINTZ LEVIN COHN FERRIS GLOVSKY
                                AND POPEO PC


                                By */s/Andrew S. Skale, Esq.*
                                    Andrew D. Skale
                                    Attorneys for Plaintiff
                                    PARADISE VALLEY SPAS

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all issues that are so triable.

Dated: April 19, 2021

                            MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC

                        By */s/Andrew S. Skale, Esq.*
                            Andrew D. Skale
                            Attorneys for Plaintiff
                            PARADISE VALLEY SPAS